**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: DUPIXENT (DUPILUMAB) PRODUCTS LIABILITY LITIGATION** | Civil Action No. 26-md-3180 |
| **This Document Relates To:** **ALL CASES** | |

**UNOPPOSED MOTION TO APPOINT PLAINTIFFS' CO-LEAD COUNSEL, EXECUTIVE COMMITTEE, STEERING COMMITTEE AND FEDERAL-STATE LIAISON**

## I. Introduction

The Plaintiff firms involved in this MDL unanimously propose the leadership slate detailed below. This motion is unopposed by Defendants. This proposed slate brings together attorneys with varied backgrounds from across the country who collectively possess extensive relevant litigation experience and the resources to fund this litigation. These attorneys and their firms have successfully litigated some of the largest and most complex actions in the nation.

The Duke Guidelines (Best Practice 3C) advise that the Court should not only "ensure that the lawyers appointed to leadership positions are capable and experienced," but also "that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds." Similarly, the *Manual for Complex Litigation (Fourth)* encourages early

collaboration amongst counsel, stating: "the [appointment] order should also take into account the proposal of counsel and encourage continuing collaboration amongst counsel and the parties in the cases pending in different courts." *Id*. at § 22.6 (2004). This is particularly true in product-liability cases that often involve numerous counsel and plaintiffs. *Id*.

The primary rationale for this approach is three-fold: it (1) allows for the efficient preliminary management of the case; (2) facilitates an avenue for Plaintiffs' counsel to communicate with defense counsel before entry of any preliminary orders; and (3) affords Plaintiffs' counsel an opportunity to informally coordinate amongst themselves. *Id*. In short, appointing the proposed slate is consistent with this guidance. And the slate's members have already shown their commitment to leading this litigation effectively and efficiently. Ultimately, the proposed slate is best suited to provide the cooperative, capable leadership that is indispensable to litigating this MDL and ensuring the efficiencies contemplated by 28 U.S.C. § 1407 and Fed. R. Civ. P. 1.

## II. Proposed Structure and Leadership

The proposed slate includes attorneys from two firms to act as Co-Leads, an Executive Committee, and a Steering Committee to advise and consult with co-lead counsel and perform work consistent with their respective talents and experience, as directed and approved by the co-leads. The proposed slate also

includes a Federal-State Liaison to assist in coordination between counsel in the MDL and current and future state court litigants.

Consistent with the Duke Guidelines, the proposed slate is small enough to prosecute this case effectively, but large enough to devote the necessary time and resources to swiftly litigate and fund the case to a successful conclusion. The proposed slate is comprised of attorneys who have a track record of working well together (important to a cohesive, effective team) and demonstrated expertise in prosecuting claims arising under the product-liability laws of the 50 States in complex MDL proceedings. They also have significant experience in developing damages models and taking complex cases to trial. The proposed slate has the case-management and leadership skills to ensure this MDL is prosecuted in a timely and efficient manner.

## III. Qualification and Experience of the Slate

As set forth in the résumés attached as Exhibit A, the proposed slate's members possess an array of talents and skills required to effectively litigate these actions. These include years of experience in various mass-tort MDLs. Each member is well-qualified to serve in the roles proposed. The undersigned thus propose the following leadership slate:

**Co-Lead Counsel**

Chris Seeger

Brandon Bogle

**Executive Committee**

Laura Baughman

Mark Chalos

Hunter Shkolnik

**Steering Committee**

Fred Longer

Keith Donovan

Sara Watkins

Wendy Fleishman

Mitchell Theodore

Jason Rathod

**Federal-State Liaison**

Ellen Relkin

## IV. Argument

The *Manual for Complex Litigation* details a variety of factors the Court should consider in appointing counsel. These factors include counsel's qualifications and organization; whether counsel fairly represents the various interests in the litigation; the attorneys' resources, commitment, and qualifications

to accomplish the assigned tasks; and the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court. *Id*. at § 10.224.

The proposed slate's attorneys individually and collectively satisfy each of these factors and are well-qualified to lead this case. The success of these attorneys and their firms in leading these types of cases is attributable to their experience and qualifications, their ability to manage large-scale litigation of this nature, and their willingness and ability to devote the necessary resources to advocate effectively for the injured Plaintiffs.

### A. The firms comprising the proposed slate have performed substantial work identifying and investigating claims and potential claims.

In considering a motion for appointment of leadership counsel, a court should consider the work undertaken by that counsel in the case. *See, e.g., Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 289–90 (N.D. Ill. 2014) (St. Eve, J.). Here, the proposed slate has already invested substantial time and resources in this litigation. Among other things, the slate has researched and identified the claims at issue; filed nearly all the cases represented in this MDL; arranged multiple informational and working group meetings; spoken with potential claimants; and worked closely with experts in the early development of theories of liability and causation.

The slate has initiated a census to identify the cases that have been and potentially will be filed. Since the JPML order creating this MDL, the members of the proposed slate have also actively worked with defense counsel to negotiate agreed-upon orders to govern the litigation as to confidentiality, preservation of pathology, and a deposition protocol. Additionally, members of this proposed slate also worked with defense counsel to prepare and submit the Initial Management Report required by Initial Procedure Order No. 1 and Federal Rule of Civil Procedure 16.1. In short, the members of the proposed slate have already been proceeding with significant efforts to advance the progress of these cases.

**B. The firms comprising the proposed slate will commit the necessary resources to effectively advance this MDL.**

The proposed slate indisputably possesses the resources required to adequately represent Plaintiffs in these cases and to foster this litigation to a successful conclusion. Each of the firms has significant financial resources and human capital and has pledged legal and support personnel to aggressively and ably litigate these cases. The slate members are ready, willing, and able to contribute the funds needed to cover the costs of this litigation for common-benefit expenses.

**C. The firms comprising the proposed slate have substantial experience in successfully litigating these types of actions.**

As detailed above, the attorneys and firms represented in this proposed slate have substantial experience representing litigants in product-liability actions. These attorneys possess knowledge of the applicable law and have a proven history of working effectively with opponents to advance complex mass-tort litigation effectively.

**D. The members of the proposed slate have worked cooperatively for nearly a year to litigate these cases.**

Finally, the attorneys that comprise the proposed leadership slate have demonstrated the critical ability to work well together. For more than a year, these attorneys have worked collectively and cooperatively to advance this litigation.

As new cases were filed throughout the country, counsel in the cases pending in this MDL, including the proposed Co-Leads and members of the proposed Executive Committee, reached out to new counsel to include them in Plaintiffs' informal working group. Throughout this entire time-period, the working group—which encompasses every member of the proposed slate—conducted routine meetings to advance the litigation. The ability to work cooperatively and efficiently is one of the most critical aspects of appointing leadership, given that effective leadership mandates that counsel be able to reach consensus on all aspects of prosecuting the case. The proposed slate's track record of cooperatively working

together evidences that this litigation will be conducted in an efficient and collaborative manner.

## V. Conclusion

The proposed slate is comprised of firms representing Plaintiffs in the Dupixent cases consolidated for pretrial proceedings before this Court. The attorneys possess the ability, financial resources, knowledge, and temperament to effectively litigate these claims. As such, the undersigned respectfully request the Court adopt the proposed slate.

Dated: September 28, 2026

/s/ *Christopher A. Seeger*
Christopher A. Seeger
**SEEGER WEISS LLP**
55 Challenger Road
Ridgefield Park, NJ 07660
cseeger@seegerweiss.com
Tel: (973) 639-9100

/s/ *Brandon L. Bogle*
Brandon L. Bogle
**LEVIN, PAPANTONIO, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
bbogle@levinlaw.com
Tel: (850) 435-7043

/s/ *Laura J. Baughman*
Laura J. Baughman
Ellen Relkin
**WEITZ & LUXENBERG, P.C.**
700 Broadway
New York, NY 10003

LBaughman@weitzlux.com
erelkin@weitzlux.com
Tel: (212) 558-5915

/s/ *Mark P. Chalos*
Mark P. Chalos
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue South, Suite 1640
Nashville, TN 37201-2379
mchalos@lchb.com
Tel: (615) 313-9000

/s/ *Hunter J. Shkolnik*
Hunter J. Shkolnik
**NAPOLI SHKOLNIK**
1302 Avenida Ponce de Leon
Santurce, Puerto Rico 00907
Hunter@nsprlaw.com
Tel: (787) 493-5088

/s/ *Frederick S. Longer*
Frederick S. Longer
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
flonger@lfsblaw.com
Tel: (215) 592-1500

/s/ *Keith E. Donovan*
Keith E. Donovan
**MORRIS JAMES LLP**
3205 Avenue North Blvd., Ste.
100 Wilmington, DE 19803
kdonovan@morrisjames.com
Tel: (302) 655-8808

/s/ *Sara J. Watkins*
Sara J. Watkins
**Robert Peirce & Associates, P.C.**
437 Grant Street, Suite 1100
Pittsburgh, PA 15219
swatkins@peircelaw.com
Tel: (412) 281-7229

/s/ *Wendy R. Fleishman*
Wendy R. Fleishman
**CLANCY FLEISHMAN, LLP**
40 Wall Street, Suite 2506
New York, New York 10005
wrf@thecflaw.com
Tel: (718) 846-3787

/s/ *Mitchell Theodore*
Mitchell Theodore
**CORY WATSON P.C.**
2131 Magnolia Avenue South
Birmingham, AL 35205
mtheodore@corywatson.com
Tel: (205) 328-2200

*/s/ Jason S. Rathod*
Jason S. Rathod
**MIGLIACCIO & RATHOD LLP**
412 H St., NE
Washington, DC 20002
jrathod@classlawdc.com
Tel: (202) 470-3520

*Attorneys for Plaintiffs*