**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: DUPIXENT (DUPILUMAB) PRODUCTS LIABILITY LITIGATION** | MDL No. 26-md-3180 (ZNQ)(JBD) |
| **This Document Relates to:** **ALL CASES** | |

## [PROPOSED] INITIAL MANAGEMENT ORDER

The Court has reviewed the parties' Joint Initial Status Report, ECF 17, which contains a proposed discovery plan as required by Federal Rule of Civil Procedure 26(f)(2) and has held an Initial Management Conference. Having considered the parties' submission and argument, the Court enters the schedule in the table below under Rule 16(b) and orders as follows:

### I. CONSOLIDATED PLEADINGS

Consolidated pleadings need not be prepared. The parties are ordered to meet and confer on a proposal for Defendants' 12(b) motions and a plan for answering Plaintiffs' complaints, including deadlines, and submit a proposed order to the Court.

### II. PHASED DISCOVERY

Discovery shall proceed in two phases with the first phase addressing discovery of Defendants on all general causation subject matters other than sales and marketing.

**Phase I** will include (a) expert discovery directed to general causation, (b) discovery of Defendants (consisting of interrogatories, document productions, requests for admission, and depositions of Sanofi, Regeneron, Genzyme, their current and former employees and consultants, and potentially third parties) targeted to the categories identified below, and (c) Rule 702 motions directed to the admissibility of general causation opinions. Following the completion of Phase I discovery the parties are to promptly meet and confer regarding a schedule for and commence **Phase II** discovery which will encompass the remaining company discovery (sales and marketing) and case-specific fact discovery.

During Phase II and throughout the remainder of the MDL, the parties will be bound by the Court's Phase I rulings (absent ordinary grounds for reconsideration). This includes but is not limited to rulings on the Rule 702 and summary judgment motions.[1]

Phase I company discovery will include topics like the following, with the intention for Phase I to include discovery on general causation and specifically excluding only sales, marketing, and promotional practices. The parties are ordered to meet and confer regarding the scope of the below topics, search terms, date ranges and custodians, and reasonable relevance and proportionality, for this discovery,

[1] Nothing in this order, however, precludes the parties from subsequent use of case-specific experts—including specific causation experts—whose opinions may include opinions on general causation.

which shall, after entry of a protective order of confidentiality, proceed on a rolling basis and shall include but not be limited to:

- Custodial, database, and share file documents and records relating to pharmacovigilance, safety signal assessments and reporting concerning Dupixent's alleged association with cutaneous T-cell lymphoma ("CTCL");
- Custodial, database, and share file documents and records relating to clinical and preclinical studies involving Dupixent;
- Custodial, database, and share file documents and records relating to Medical Affairs, published literature and other studies concerning Dupixent's alleged association with CTCL;
- Custodial, database, and share file documents and records relating to Defendants' submissions, correspondence, or other interactions with U.S. regulatory authorities and European Medicines Agency (EMA), Health Canada, Therapeutic Goods Administration (TGA), and the Pharmaceutical and Medical Devices Agency (PDMA)[2] (subject to privacy considerations) concerning Dupixent's alleged association with CTCL;
- Custodial, database, and share file documents and records relating to any joint safety committee meetings and other communications among and within Defendants or with Defendants' consultants concerning Dupixent's alleged association with CTCL;
- Defendants' communications with consultants, authors, investigators and journals (along with related internal memoranda and communications) regarding the relationship between Dupixent and CTCL; and
- Custodial, database, and share file documents and records relating to Defendants' internal safety assessments of Dupixent's alleged association with CTCL.

A document otherwise responsive to Phase I discovery will not be excluded on the basis of its relation to sales and marketing. Defendants have not conceded the

---

[2] Plaintiffs have reserved the right to seek additional discovery regarding other foreign regulatory agencies to the extent any additional agencies act on and/or undertake a regulatory review of Dupixent and CTCL.

relevance or existence of the information and/or documents discussed in this section and have reserved the right to make their objections.

The Court lifted the stay on discovery during the October 1, 2026 Initial Management Conference and hereby enters the following schedule:

| Event | Deadline |
|---|---|
| Defendants to produce complete Dupixent regulatory file | November 16, 2026 |
| Rule 26(a)(1) Disclosures of all Defendants and of all Plaintiffs whose cases are in the MDL as of the date of this Order | December 18, 2026 |
| Local Rule 7.1.1 Disclosures of all Defendants and of all Plaintiffs whose cases are in the MDL as of the date of this Order | December 18, 2026 |
| Federal Rule of Civil Procedure 7.1 disclosures of all Defendants | December 18, 2026 |
| Rule 26(a)(1) and Local Rule 7.1.1 Disclosures of Plaintiffs whose cases are filed in or transferred to the MDL after the date of this Order | Within 60 days of filing or transfer |
| Plaintiffs to produce Plaintiff Profile Forms (PPF) and all accompanying documents | 60 days after the Court enters the order concerning the PPF |
| Plaintiffs whose cases are filed in or transferred to the MDL after the date of this Order to produce PPFs and all accompanying documents | Within 60 days of filing or transfer |
| Parties to agree on a medical monitoring class discovery schedule, or submit competing proposals to Court | January 15, 2027 |

| Event | Deadline |
|---|---|
| Motions to amend or add parties | March 12, 2027[3] |
| Defendants' certification of substantial completion of production of Phase I Discovery (privilege logs to be produced on a rolling basis 60 days following each rolling production) | May 7, 2027 |
| Completion of Phase I Discovery | October 8, 2027 |
| Plaintiffs' general causation expert reports | November 8, 2027 |
| Defendants' general causation expert reports | December 8, 2027 |
| Plaintiffs' general causation expert rebuttal reports | December 31, 2027 |
| All general causation expert depositions complete (Plaintiffs' experts will be deposed before Defendants' experts on corresponding topics) | February 28, 2028 |
| Parties to submit joint or competing proposals on schedule for Phase II discovery, case-specific discovery, and a process for bellwether selections following the completion of case-specific discovery | February 28, 2028 |
| *Daubert* / Rule 702 and summary judgment motions on general causation | March 23, 2028 |
| Oppositions to *Daubert* / Rule 702 and summary judgment motions on general causation | May 1, 2028 |
| Replies ISO *Daubert* / Rule 702 and summary judgment motions on general causation | May 19, 2028 |

With respect to document productions, Defendants shall produce documents on a rolling basis rather than waiting until all documents responsive to a request have

[3] If later-produced documents or later-served Answers of Defendants reveal information relevant to amendment or additional parties, the Court will consider a later request for an amendment if circumstances warrant. In addition, Rule 15 shall govern Plaintiffs whose cases are filed in or transferred to the MDL after March 12, 2027.

been gathered. Likewise, Defendants are ordered to produce their privilege logs on a rolling basis. Any delay in Defendants' certification of substantial completion of document production and their privilege logs must be approved by Magistrate Judge Day and/or the Court and may result in the need to extend fact discovery and all subsequent deadlines by the same number of days.

## III. PLAINTIFF PROFILE FORMS

Pursuant to the schedule set forth in the table above, Plaintiffs shall provide short Plaintiff Profile Forms with limited information, including the identification of medical providers and treaters and dates of Dupixent use, along with the provision of medical authorizations, and all medical records in Plaintiffs' possession as part of Phase I discovery. The Parties are ordered to meet and confer and propose an order to the Court more specifically memorializing the foregoing. Plaintiff Fact Sheets and Defendant Fact Sheets shall be negotiated among the Parties and exchanged as part of Phase II.

SO ORDERED.

Date: **November __, 2026**

______________________________
ZAHID N. QURAISHI
United States District Judge