**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: DUPIXENT (DUPILUMAB) PRODUCTS LIABILITY LITIGATION** | Civil Action No. 26-md-3180 |
| **This Document Relates to: ALL CASES** | |

**PRETRIAL ORDER NO. __**
**(*In Extremis* Discovery Protocol)**

The following procedure governs how testimony of *in extremis* Plaintiffs may be preserved using the procedures set forth in this Order.

## I. SCOPE OF ORDER

This Order shall apply to all cases in which Plaintiffs allege personal injury that are currently pending in MDL No. 3180 and to all such related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned hereto as "MDL" cases (collectively, "the MDL proceedings"). This Order is not intended to interfere with, undermine, or contradict the procedures established in Rule 27(a) of the Federal Rules of Civil Procedure.

## II. DEFINITION OF *IN EXTREMIS*

A Plaintiff will be considered "*in extremis*" when, based on competent medical evidence or a declaration executed pursuant to 28 U.S.C. § 1746:

**A.** Plaintiff has reached, or is reasonably expected to reach within six months, a condition rendering the Plaintiff no longer capable of competently testifying in a deposition; or

**B.** Plaintiff is reasonably not expected to survive beyond the next 12 months.

## III. NOTICE

Plaintiff's counsel shall give notice in writing to Defendants' counsel as soon as possible upon learning of a Plaintiff's *in extremis* condition, per § II above. The notice shall be accompanied by a declaration signed by the treating physician or by Plaintiff pursuant to 28 U.S.C. § 1746 and/or by recent medical records describing the condition and the medical circumstances necessitating an expedited preservation deposition. The notice shall also be accompanied by any available medical records related to the injuries alleged in this litigation that are in Plaintiff's or their counsel's possession not already produced to Defendants. The notice also shall contain a suggested date, time, and location for the Plaintiff's *in extremis* deposition.

## IV. PRE-DEPOSITION DISCLOSURES REQUIRED

**A.** Unless previously provided, within ten (10) days of the notice described in Section III, and at least 75 days prior to Plaintiff's *in extremis* or discovery deposition, whichever is sooner, for the collection of records by Defendants, Plaintiff shall execute the authorizations previously negotiated and agreed to in this MDL to

the extent they are relevant to Plaintiff's claims. Failure to timely provide requested authorizations may constitute waiver of any preference afforded for *in extremis* depositions created by this Order. Should Defendants' counsel encounter difficulty in timely securing records via authorizations before a Plaintiff's discovery and/or *in extremis* deposition, Plaintiff and Plaintiff's counsel will, upon request, provide reasonable assistance to Defendants' counsel in securing such records.

**B.** Further, upon the Notice described in Section III, Defendants may serve on Plaintiff a reasonable number of requests for production, interrogatories, and other written discovery permitted consistent with the Federal Rules of Civil Procedure or Local Rule, notwithstanding other orders of this Court limiting discovery, *e.g.*, to certain plaintiffs, phases, or modes of discovery.

**C.** The following must be provided to Defendants' counsel at least 45 days before the discovery deposition preceding any *in extremis* deposition, or 45 days before the *in extremis* deposition, whichever is sooner:

1. Any medical records related to Plaintiff that are in Plaintiff's or their counsel's possession not already produced to Defendants;

2. Any available records within Plaintiff's possession relating to damages;

3. All available records, to the extent they exist, supporting the request for a trial preservation deposition; and

4. A substantially completed version of any Court-approved Plaintiff Profile Form and/or Plaintiff Fact Sheet, along with responses to written discovery described in Paragraph B (provided this discovery was served at least 30 days before the 45-day deadline), including any documents required to be produced therewith, if not already provided to Defendants.

**D.** In the event it is not feasible for Plaintiff's counsel to meet the conditions and deadlines set forth herein prior to the taking of an *in extremis* deposition, Plaintiff's counsel shall consult with Defendants' counsel and, if necessary, Magistrate Judge Day and/or the Court, prior to proceeding with the deposition.

## V. DEPOSITION PROCEDURES

Prior to an *in extremis* trial preservation deposition, Defendants are entitled to conduct a discovery deposition where they take examination priority. The discovery deposition should ordinarily occur at least 24 hours but no more than 72 hours prior to the *in extremis* deposition. The discovery deposition shall be limited to seven (7) hours on the record without prejudice, subject to Plaintiff's ability to proceed. The *in extremis* deposition shall be limited to six (6) hours on the record without prejudice, unless the Plaintiff cannot physically proceed or subject to conferral amongst the parties and/or referral of the issue to Magistrate Judge Day for additional time, with time for examination to be split by Plaintiff and Defendants'

counsel 50/50. The *in extremis* deposition shall be conducted subject to the Federal Rules of Civil Procedure and Federal Rules of Evidence as if it is being conducted at trial. A healthcare provider and/or a friend or family member of Plaintiff may attend the discovery and *in extremis* depositions for physical and/or emotional support. Except as otherwise provided in this Order, the discovery and *in extremis* depositions are subject to the provisions of the forthcoming Deposition Protocol, absent agreement of the parties.

## VI. SCHEDULING

Upon receiving notice of a Plaintiff's *in extremis* condition and competency to testify, within ten business days, the parties shall meet and confer in good faith to confirm the date, time, location, and means of conducting the deposition. Counsel who elects to notice the deposition shall be responsible for securing and providing a court reporter and a videographer for the deposition.

It is recognized by all parties that the medical condition of the Plaintiff may warrant a more expedited schedule than is set forth in this Order. In such instances, the parties shall agree on a mutually convenient date as soon as possible after such notice and shall bring any disputes to the Magistrate Judge or the Court if necessary.

## VII. OBJECTIONS TO *IN EXTREMIS* DEPOSITION

A. Should the non-noticing party have a good faith objection to the deposition, counsel shall notify opposing counsel in writing of their objection within

seven days of receipt of the notice and shall promptly meet and confer in good faith in an attempt to resolve the dispute.

B. If the parties are unable to resolve the dispute after meeting and conferring, any objection(s) shall be brought to the Court's attention as soon as practicable, but, in any event, no more than 14 days following receipt of the notice. If the objection(s) are overruled, the deposition shall proceed as soon as practicable as agreed by the parties or ordered by the Court.

## VIII. NO WAIVER

The use of any discovery deposition or *in extremis* trial preservation deposition testimony at trial shall be governed by Federal Rule of Civil Procedure 32 and applicable provisions of the Federal Rules of Evidence. Nothing in this Order alters, expands, or limits the circumstances under which deposition testimony may be used, offered, objected to, or excluded under Rule 32 or the Federal Rules of Evidence. Nor does the taking and completion of an *in extremis* trial preservation deposition pursuant to this Order constitute a waiver of any party's right to object to the use of that testimony at trial. Nor does the scheduling or completion of an *in extremis* deposition confer upon any Plaintiff any right to or preference for bellwether trial selection, expedited trial placement, or priority in any trial pool, which shall be governed solely by the Court's separate trial selection procedures and orders.

**SO ORDERED.**

____________________________________

HON. ZAHID N. QURAISHI
UNITED STATES DISTRICT COURT JUDGE