**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE: DUPIXENT (DUPILUMAB) PRODUCTS LIABILITY LITIGATION** | Civil Action No. 26-md-3180 |
| **ALL CASES** | |

**CASE MANAGEMENT ORDER NO. 4**

**(Stipulated Order on Procedures for Direct Filing, Waiver of Service, and Effect of Direct Filing)**

The Court hereby Orders as follows:

## I. SCOPE OF ORDER

As further specified in paragraph II.D, this Order only applies to claims brought by a United States citizen or resident based on use of Dupixent® (dupilumab) and diagnosis of Cutaneous T-Cell Lymphoma ("CTCL") in the United States.

## II. DIRECT FILING OF ACTIONS INTO MDL 3180

**A. Direct Filing of Complaints Permitted.** To eliminate potential delays associated with transfer to this Court of actions filed in or removed to other federal district courts, and to promote judicial efficiency, any Plaintiff whose case could originally have been filed in any United States District Court and would be subject to transfer to MDL No. 3180 as a "tag-along" case may—subject to the provisions set forth below, upon the direct filing to this Court and service of their Complaint

against the Defendants denominated therein—proceed with their individual action as a constituent case of the MDL. Defendants reserve the right to object to the inclusion of any such individual action in this MDL, including on the grounds that it is outside the scope of this MDL.

**B. Duplicate Lawsuits Forbidden.** Prior to directly filing a case pursuant to this Order, counsel for each Plaintiff is instructed to conduct a PACER search to ensure that a previous complaint has not been filed for the same Plaintiff. Counsel for each Plaintiff must also make a reasonable effort to determine if that Plaintiff has filed a case in any state court prior to directly filing a case pursuant to this Order. If the search reveals a previous complaint filed on behalf of the Plaintiff, counsel shall not file a new complaint on behalf of that same Plaintiff in the MDL.

**C. Single Plaintiff Only.** Cases directly filed in this Court pursuant to this Order shall not name more than a single Plaintiff in the case, provided, however, that any such case may include consortium plaintiff(s) as permitted by law or, in the event of a wrongful death action, the appropriate representative(s) of the Estate.[1]

---

[1] *See, e.g., In re: Vioxx Prods. Liab. Litig.*, Case No. 2:05-md1-657, ECF No. 12181 (E.D. La. Sept. 5, 2007); *In Re: Depo-Provera (Depot Medroxyprogesterone Acetate) Prods. Liab. Litig.*, No. 3:25-md-03140, ECF No. 72 at 2 n. 3 (N.D. Fla. Feb. 23, 2025) (J., Rodgers) ("In the MDL context, joining such cases violates Rule 20 of the Federal Rules of Civil Procedure. Additionally, multi-plaintiff complaints in this context often lead to administrative complications and inefficiencies that can be avoided by adhering to the traditional rule that unrelated claimants must file individual complaints. Thus, for any multi-plaintiff complaint eventually filed in this MDL, each Plaintiff will be subject to

**D. <u>CTCL and Dupixent Use Cases Only.</u>** Cases shall not be directly filed in this Court pursuant to this Order unless counsel has verified upon information and belief that the Plaintiff (or Decedent) (1) was prescribed and used Dupixent® (dupilumab), and (2) was diagnosed with CTCL or its subtypes per In Re: Dupixent (Dupilumab) Products Liability Litigation, MDL No. 3180, Transfer Order (J.P.M.L. June 4, 2026) (ECF No. 47). To be clear, this Order does not apply, and actions shall not be directly filed in this Court, if a Plaintiff or Decedent was never prescribed or never used Dupixent® (dupilumab); or if the Plaintiff or Decedent was not diagnosed with CTCL or one of its subtypes even if they were diagnosed with lymphoma or another disease after its use.

## III. <u>LIMITED WAIVERS OF SERVICE</u>

**A. <u>Service of Process and Waiver of Service.</u>** For Complaints that are properly filed in, removed to, or transferred to this MDL, the Defendants listed below agree to waive formal service of summons pursuant to Rule 4 of the Federal Rules of Civil Procedure. Service upon the following entities will be deemed complete upon providing copies of the Complaint, Summons, and Civil Cover Sheet to the following e-mail addresses:

---

automatic severance and dismissal without prejudice. All Plaintiffs, except for the first-named Plaintiff, will be dismissed without prejudice, with the right to refile an individual complaint. All subsequent complaints filed by Plaintiffs who are severed and dismissed must be accompanied by appropriate filing fees and will be assigned separate civil action numbers by the Clerk.”).

**Regeneron Pharmaceuticals, Inc.** – Dupixent.Service@shb.com

**Sanofi-Aventis U.S. LLC** and – Dupixent.Service@arnoldporter.com
**Genzyme Corporation**

Defendants' e-mail systems will generate an automated response to the sender upon receipt of an e-mail to each of the above-designated addresses. The automated response will confirm receipt and shall constitute proof of service upon the Defendants who have agreed to service at that e-mail address per this Order. Defendants will not otherwise respond to e-mails sent to the above e-mail addresses. Plaintiffs shall file proof of electronic service with the Court as required by Rule 4(l)(1) of the Federal Rules of Civil Procedure.

For all Complaints filed in, removed to, or transferred to this MDL: (i) all requests for issuance of summons shall be made in the underlying constituent case, and not through the MDL Master Docket File; (ii) all proofs of service shall be filed only in the underlying constituent case and not in the MDL Master Docket File. Acceptance of electronic service shall not constitute a waiver of any defense. Furthermore, no Defendants other than those denominated agree to accept service in this manner and service in this manner is not effective on them.

## VI. EFFECT OF DIRECT FILING

A. **No Waiver of Personal Jurisdiction.** The inclusion of any action in *In Re: Dupixent® (dupilumab) Products Liability Litigation*, MDL No. 3180, whether such action was or will be filed originally elsewhere and then transferred or filed

directly in the MDL, shall not constitute a determination by this Court that this Court has personal jurisdiction over any named party. The direct filing and coordination of cases in MDL No. 3180 is solely for the purposes of coordinating discovery and related pretrial proceedings as provided by 28 U.S.C. § 1407 and pursuant to the Judicial Panel on Multidistrict Litigation's Transfer Order. Likewise, nothing in this Order shall be construed as a waiver of personal jurisdiction by any named Defendant, served or unserved. The references to "Defendants" herein shall not constitute an appearance nor waiver of service by or for any Defendant, not otherwise properly served.

**B. Pretrial Proceedings Only; No *Lexecon* Waiver.** The coordination of constituent cases in MDL proceedings, including agreement by the Plaintiffs and Defendants to this direct filing order, does not constitute a waiver of any party's rights. The Parties expressly preserve and do not waive any rights under *Lexecon, Inc. v. Milberg Weiss*, 523 U.S. 26 (1998), to have each case remanded for trial.

**C. Provision Regarding Appropriate Venue and Remand.** The inclusion of any action in *In Re: Dupixent® (dupilumab) Products Liability Litigation*, MDL No. 3180, whether such action was or will be filed originally or directly in the MDL, shall not constitute a determination by this Court that venue is proper in this District. Each plaintiff filing an action directly into the MDL must identify a "Designated Forum" in the lead paragraph of its complaint, i.e., the federal

district court in which the plaintiff would have filed its case in the absence of direct filing. Should any plaintiff fail to identify a Designated Forum in its complaint, it may remedy this deficiency by filing a Notice of Designation of Forum with the MDL Court within the later of 30 days of filing the complaint or 15 days of the notice of the deficiency by any Defendant. The Court will set a procedure to resolve any venue challenges, objections or disputes applicable to that case prior to remand. Plaintiffs shall allege in their complaints facts to support personal jurisdiction and venue in the designated district. Defendants reserve and do not waive any objection and affirmative defense of improper venue, improper joinder of parties and/or claims, lack of personal jurisdiction as to plaintiffs' designation, and/or objection to Plaintiffs "Designated Forum."

**D.** **Choice of Law Analysis.** The fact that a case was filed directly in the MDL Proceedings pursuant to this Order will have no impact on choice of law analysis or whether the applicable standard should be the choice of law analysis for the Court where the case might have been filed otherwise. Choice of law issues are reserved and shall be briefed, as appropriate, at a later date.

**E.** **Statute of Limitations.** The filing of a complaint directly into the MDL pursuant to this Order shall stop the running of any statute of limitations, statute of repose, or prescriptive or preemptive period only to the same extent as if the complaint had been filed in a court of appropriate jurisdiction and venue. Ultimate

determinations may be made that any statute of limitations, statute of repose, or prescriptive or preemptive period had expired prior to the filing of a complaint in any forum, or that the Designated Forum lacked personal jurisdiction or venue over Defendants, determinations which the filing of the Complaint directly into the MDL pursuant to this Order does not impact or defeat.

**SO ORDERED this 2nd day of November 2026**.

ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE